**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN LUCAS,

          Plaintiff-Appellant,

  v.

DONNY YOUNGBLOOD; et al.,

          Defendants-Appellees.

No. 18-17420

D.C. No. 1:18-cv-00654-DAD-JLT

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

John Lucas appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

---

     \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Lucas's action because Lucas failed to allege facts sufficient to state a plausible claim. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 is a "criminal statute[] that do[es] not give rise to civil liability"); *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred."); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (the California Penal Code "sections do not create enforceable individual rights"); *see also Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by dismissing Lucas's first amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

Contrary to Lucas's contention, the district court did not grant defendants' motion for a protective order.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court.  *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not

presented to the district court are not part of the record on appeal.").

**AFFIRMED.**